Sonya M. DANIELS, Petitioner–
Appellant,

v.

Gloria HENRY, Respondent–Appellee.

No. 07–15728.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2008.

Filed June 2, 2008.

Janice M. Lagerlof, San Francisco, CA,
for Petitioner–Appellant.

Allan Yannow, Esq., AGCA–Office of the
California Attorney General, San Francis-
co, CA, for Respondent–Appellee.

Before: KLEINFELD and N.R.
SMITH, Circuit Judges, and MILLS,
District Judge.[*]

## MEMORANDUM [**]

Sonya M. Daniels was convicted under
California law of second degree murder,
felony child endangerment (which included
great bodily injury), and misdemeanor
child endangerment. Daniels was sen-
tenced to serve fifteen years to life impris-
onment for the murder conviction and con-
current terms on the other convictions.
After her direct appeals and state post-
conviction remedies were exhausted, Dan-
iels filed a petition for writ of habeas cor-
pus under 28 U.S.C. § 2254, which was
denied by the district court. We AF-
FIRM.

The Petitioner contends that her consti-
tutional right to present a defense and her
right to a fair trial were violated when the
trial court prevented her from introducing
evidence pertaining to Battered Women's
Syndrome. The state court's decision to
exclude the evidence was not "contrary to,
[n]or involved an unreasonable application

---

[*] The Honorable Richard Mills, Senior United
States District Judge for the Central District
of Illinois, sitting by designation.

[**] This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Based on the defense she offered at trial, that evidence was not relevant under California law. The Petitioner's defense essentially was that the child appeared to be fine until the day he died. She did not argue that she was unable to feed her son or obtain proper care for him because she was a battered spouse. "The accused does not have an unfettered right to offer testimony that is ... inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988).

Further, the trial judge did not bar the Petitioner from establishing a foundation to make the evidence relevant. Upon review of the record, we find that the trial judge left the door open to the admission of testimony pertaining to Battered Women's Syndrome, if Petitioner could establish its relevance. The Petitioner, however, failed to lay a proper foundation. Accordingly, the district court properly denied relief.

The other issues presented by the Petitioner are without merit. For the reasons already noted, the Petitioner is unable to show prejudice from the ineffective assistance of appellate counsel in failing to brief the Battered Women's Syndrome issue on direct appeal. The Petitioner did not factually develop the argument that the prosecutor's cross-examination and closing argument rendered her trial fundamentally unfair.

AFFIRMED.